WYETH HARDWARE MANUFACTURING COMPANY, Appellant, v. A. S. BEARD, Defendant; C. C. DRAPER, Assignee; BANK OF CONWAY, Respondent.

St. Louis Court of Appeals, February 21, 1899.

Mortgagee : PERSONAL PROPERTY INTERMINGLED: NOT DISTINGUISHABLE. In the case at bar if the assignee of the bank, by virtue of the mortgage, took possession of that portion of the old stock which had not been sold and received the after acquired property under an independent agreement for the further security or satisfaction of the indebtedness to the bank, or if defendant Beard had intentionally and without the consent of the officers of the bank, intermingled the new goods with the old stock, as plaintiff failed to distinguish or separate the two classes of goods, or to show that they could be distinguished, then it is held, that the assignee of the bank was entitled to take the whole stock under the mortgage.

*Appeal from the Laclede Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

ARCH A. JOHNSON for appellant.

It is elementary law that where one asserts the right to personal property by virtue of a chattel mortgage he can not if his mortgage fail for any cause, assert another and different claim thereto. Jones on Chat. Mort. [4 Ed.], sec. 6; Janvein v. Fogg, 49 N. H. 340; Dry Goods Co. v. Brown, 73 Mo. App. 245. An interplea in an attachment is in the nature of a replevin suit engrafted thereon by statute. Helmer v. Pollock, 47 Mo. App. 205; Spooner v. Ross, 24 Mo. App. 399; Huiser v. Beck, 55 Mo. App. 675. The burden of proof was upon interpleader to show title in himself. Carroll v. Frank, 38 Mo. App. 167; Boller v. Cohen, 42 Mo. App. 97; Toney v.

Goodley, 57 Mo. App. 235; Feurt v. Ambrose, 34 Mo. App. 360. The mere assertion of a fact by witness when contradicted by the facts and circumstances surrounding the case and by all the testimony in the case, as well, will not raise an issue, and should not be submitted to the jury. Payne v. Railway, 136 Mo. 562; Dry Goods Co. v. Brown, *supra*. The interpleader's statement that he took the stock of goods in payment of the debt is not the statement of a fact but of a conclusion of law, which the uncontradicted state of facts relied on as showing payment did not constitute payment in law. Wear v. Lee, 26 Mo. App. 99. The burden of proof that an express agreement was made extinguishing the debt or note by delivery of the possession of the property to Draper devolved upon the interpleader. Powell v. Charles, 34 Mo. 485, 495; Yarnell v. Anderson, 14 Mo. 619, 624; Wear v. Lee, *supra*. The demurrer to evidence asked for by plaintiff should have been sustained. Weaver v. Railroad, 60 Mo. App. 207; Webber v. Railroad, 100 Mo. 195.

Nixon & Wallace for respondent.

The demurrer to the evidence interposed by the plaintiff (appellant here) was properly overruled. The question was one of fact for the jury. Baum v. Fryrear, 85 Mo. 151; Sage v. Reeves, 17 Mo. App. 210; Walsh v. Morse, 80 Mo. 568; Moody v. Deutsche, 85 Mo. 237. The abstract and brief of appellant does not undertake to give all the evidence, but only substantially and partially. In such cases the presumption is that the trial court acted properly in overruling the demurrer to evidence, and this court will not declare the trial court erred unless the whole evidence is before appellate court. Hughes v. VanStone, 24 Mo. App. 642; Pembroke v. Railroad, 32 Mo. App. 68; Epstein v. Lorie, 67 Mo. App. 221. Although the burden of proof was on interpleader to show title in himself, this was complied with when it was shown by the return

of the officer and the evidence that he found the property in the possession of the interpleader. Possession is *prima facie* evidence of title. Weeks v. Estes, 81 Mo. 375; Vogel v. St. Louis, 13 Mo. App. 116; Phillips v. Schell, 21 Mo. App. 38. It is now the well settled law of this state, that though the mortgage may be void, shown either on its face or by extrinsic evidence, yet if the mortgagee in good faith takes actual possession prior to the levy of attachment for the purpose of securing his debt, and is in such possession at the time of the levy he will be protected against subsequent attaching creditors. McIntosh v. Smiley, 32 Mo. App. 125; Joseph v. Boldridge, 43 Mo. App. 333.

BIGGS, J.—The plaintiff sued the defendant Beard by attachment. The sheriff levied upon a stock of goods in the possession of Draper, the respondent herein. Draper interpleaded for the goods. On the trial of the interplea the issues were found for him, and plaintiff has appealed.

It is insisted that the circuit court committed error in refusing to instruct the jury to find the issues for the plaintiff. The facts are these: The defendant Beard was engaged in the harness and saddle business in the town of Conway. On the fourth day of January, 1896, he executed his note for $430 to the Bank of Conway. The note was payable on demand. To secure it Beard executed and delivered to the cashier of the bank a chattel mortgage on his stock of goods, fixtures, etc. The mortgage is in the usual form providing that until condition broken or until a sale or attempted sale by Beard the latter should remain in possession of the goods. The mortgage was duly recorded. Beard remained in possession of the property and continued to manufacture, sell and buy goods in the usual way, until July 28, 1897, when he turned over the stock then on hand to the respondent, to whom the bank had assigned its property. The stock when mortgaged was worth $400 or $500, and that turned over to Draper was about of the same

value.   There was only a small portion of the mortgaged goods remaining at the time Draper took possession, but the goods were not identified and Beard approximated their value at something less than $100.   Whether the officers of the bank knew that Beard was selling and buying goods, does not appear.   There is evidence that the new goods were intermingled with the old, but no attempt was made to distinguish or separate the two classes of goods, and there is nothing in the record to show that this could have been done.   The contested question under the evidence was whether, as between Beard and Draper, there was a new and independent pledge of the after-acquired property for the purpose of securing or satisfying the debt to the bank.   If there was substantial evidence of this, then under any view of the case the demurrer to the evidence was properly overruled, for in such circumstances Draper acquired an interest in the after-acquired goods, and his right to the possession of the remainder was clear under the mortgage. Neither the testimony of Draper, nor that of Beard, is very clear as to the terms of the agreement upon which the goods were delivered to Draper.   In one place Draper said:   "I took possession of his (Beard's) stock of goods in payment of the note and under the chattel mortgage."   In another place he says:   "I took possession under the mortgage in payment of the note."   Again he says:   "I sold the goods under the chattel mortgage."   *   *   *   "I took possession of the goods under the chattel mortgage in payment of the note."   Beard testified:   "I turned over the stock of goods to Draper to pay note."   When the whole of Mr. Draper's testimony is considered and read in connection with that of Beard, the fair inference from it is that by virtue of the mortgage he took possession of that portion of old stock which had not been sold, and that he received the after-acquired property under an independent agreement for the further security or satisfaction of the indebtedness to the bank.   Under this view the title of

Draper to all of the property is superior to that of plaintiff, as no fraud is charged and as the possession of Draper antedated the plaintiff's attachment. Cameron v. Marvin, 26 Kan. 612; Pettee v. Dustin, 58 N. H. 309; Jones, Chat. Mort., secs. 155 and 167. Our conclusion therefore is that the court did right in refusing to direct the jury to find the issues for the plaintiff. The ruling might very well be sustained on the further ground that Beard had intentionally and without the consent of the officers of the bank intermingled the new goods with the old stock, and as the plaintiff failed in its evidence to distinguish or separate the two classes of goods, or to show that they could be distinguished, Draper as assignee of the bank, was entitled to take the whole stock under the mortgage. Willard v. Rice, 11 Met. 493; Dunning v. Stearns, 9 Barb. 630; Mowry v. White, 21 Wis. 417; Hamilton v. Rogers, 8 Md. 301; Jones Chat. Mort., secs. 155 and 167.

Goods inter-
mingled.

The instructions of the court, to which objection is made, submitted the case to the jury upon the theory that the finding should be for Draper if he took the property in satisfaction of the debt of the bank, provided the value of the goods was not materially in excess of the amount of the debt. Our discussion in the first paragraph of the opinion disposes of the appellant's objection. The instructions were more favorable to it than the law warranted. The judgment will be affirmed. All concur.